**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JHS CAPITAL ADVISORS, LLC,            Case No. 8:12-cv-02006-SDM-AEP

    Plaintiff,

v.            **Dispositive Motion**

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

**WESTCHESTER'S MOTION TO COMPEL ARBITRATION AND DISMISS OR
STAY THE COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), moves for entry of an order compelling the parties to arbitrate this coverage dispute in New York, New York, under the mandatory arbitration provision in the subject insurance policies, and to dismisses or stay this case. Westchester has made demand to the plaintiff to dismiss or stay this action and to submit the dispute to arbitration pursuant to the terms of the policies, plaintiff has declined to take such a stay.

**FACTUAL BACKGROUND**

1.      This coverage dispute arises under two insurance policies issued by Westchester to Plaintiff JHS Capital Advisors, LLC's ("JHS"). *See* Complaint ¶¶ 9-10, 23.

2.      JHS asserts that Westchester issued Securities Broker-Dealer Professional Liability Insurance errors and omissions insurance policies, No. G24189466 001 (the "JHS Policy") and No. G2418948A 001 (the "JHS New York Registered Representatives Policy"),

3. According to JHS' complaint, in an arbitration held before the Financial Industry Regulatory Authority ("FINRA") in New York, New York, an award was rendered against JHS in excess of $1.6 million in damages, including associated costs and fees (the "FINRA Award"). *See* Complaint ¶ 7 and Ex. B, as annexed to Pls. Complaint.

4. JHS contends that "as a result of Westchester's improper denial of coverage" under the Policies, Westchester "must compensate JHS for all its damages, which include but are not limited to" the FINRA Award. *See* Complaint ¶¶ 8, 27.

5. In its first count against Westchester, JHS asks this Court for a declaratory judgment and requests the Court to "declare invalid the exclusions and defenses to coverage which were cited by Westchester" and find that "Westchester has no defense to coverage under the Policy." *See* Complaint ¶ 20-23.

6. In its second count against Westchester, JHS alleges a claim for breach of contract, contending that "Westchester's refusal to compensate JHS for [the FINRA Award] constitutes a breach of contract." *See* Complaint ¶ 24-27.

7. Section XVI. [Action against the Insurer] of the Policies contains the following provision mandating arbitration as the sole venue for the resolution of any coverage dispute between the Insured and Westchester: "Except as provided in Section XX [Arbitration], no action shall lie against the Insurer."

8. Section XX [Arbitration] of the Policies provides as follows:

> **XX. ARBITRATION**
>
> <u>The Insured and the Insurer shall submit any dispute, controversy or Claim arising out of or relating to this Policy or the breach, termination or invalidity thereof to final and binding arbitration pursuant to such rules and procedures as the parties may agree</u>. If the parties cannot so agree, the arbitration shall be administered by the American Arbitration Association in accordance with its then prevailing commercial arbitration rules. The arbitration panel shall consist of one arbitrator selected by the Insureds, one arbitrator selected by the insurer, and a third independent arbitrator selected by the first two arbitrators. In any such arbitration, each party will bear its own legal fees and expenses. <u>The arbitration shall take place in New York, New York and New York law shall apply</u> without application of conflicts of laws principals [sic].

*See* Ex. C, Section XX of the JHS Policy and Ex. D, Section XX of the JHS New York Registered Representatives Policy, as annexed to Pls. Complaint (emphasis added).

9. The arbitration provision states that the Insured and Insurer "shall submit" any dispute arising out of or relating to the Policies to binding arbitration. Thus, in conjunction with the "no action" provision contained in Section XVI. [Action against the Insurer], arbitration is the sole and exclusive remedy for resolving coverage disputes.

10. Furthermore, the Policies mandate that "the arbitration shall take place in New York, New York and New York law shall apply without application of conflicts of laws principals." *See* Exhs. C & D, Section XX, [Arbitration]. Here, the FINRA Arbitration and the alleged misconduct by a JHS independent broker-dealer that gave rise to the award both took place in New York. *See* Complaint ¶ 7, and Ex. B (FINRA Arbitration hearing site listed as "New York, New York"); *see also* p. 5 of the FINRA "BrokerCheck Report," appended as "Exhibit C" to Ex. A of Pls. Complaint (listing employment at New York offices during the relevant time period). According to sworn testimony in the underlying FINRA arbitration given by Paul Chuzi, former Chief Compliance Officer for JHS, during

the relevant time period in the underlying dispute, "a majority" of JHS' registered representatives "would have been in New York." *See* Ex. 1.

11.     In accordance with the arbitration provision requiring that the arbitration be conducted pursuant to such rules and procedures as the parties may agree," Westchester sent a letter to coverage counsel for JHS on September 12, 2012, demanding that JHS discontinue the Coverage Action without prejudice pending completion of the arbitration and requesting that JHS contact counsel for Westchester to discuss appropriate "rules and procedures" for conducting the arbitration. *See* Ex. 2. JHS has failed to respond to the letter, prompting this motion by Westchester to compel arbitration.

## **MEMORANDUM OF LAW**

In accordance with M.D. Fla. Local Rule 3.01(a), Westchester hereby submits the following memorandum of law in support of its motion to compel arbitration and stay or dismiss plaintiff's complaint.

### **I.     THE AGREEMENT TO ARBITRATE IS GOVERNED BY THE FEDERAL ARBITRATION ACT**

The Federal Arbitration Act ("FAA") enforces written arbitration provisions in contracts evidencing transactions involving "commerce." *See* 9 U.S.C. § 2. As the Eleventh Circuit observed, the term "commerce" extends to the broadest permissible exercise of Congress' Commerce Clause; it reaches transactions involving interstate commerce even if the parties did not contemplate such a transaction. *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F.3d 868, 874 (11th Cir. 2005). "Insurers conducting business across state lines engage in interstate commerce." *Prescott Architects, Inc. v. Lexington Ins. Co.*, 638 F.Supp.2d 1317, 1320 (N.D. Fla. 2009) citing *United States v. South-Eastern*

*Underwriters Ass'n*, 322 U.S. 533, 552-53 (1944); also see *Kong v. Allied Professional Ins. Co.*, No. 8:07-cv-2142-T-17, 2008 WL 2853677, *3 (M.D. Fla. July 22, 2008) ("It is undisputed that the insurance policy was issued by a foreign corporation to a Florida resident...the policy was purchased through interstate commerce.").

In this case, the insurance policies at issue were sold in interstate commerce, as evidenced by the Policies attached to JHS' complaint. Pages 1-2 of exhibits C and D to the complaint each demonstrate that the Policies were purchased by JHS in Tampa, Florida, and issued by Westchester, a foreign corporation, from Roswell, Georgia, through JHS's insurance broker in Georgia, for delivery to JHS' office in Florida. Because the complaint and exhibits show multiple ties between this transaction and interstate commerce, the FAA governs the parties' arbitration agreement.

## II. ALL ISSUES IN THE COMPLAINT ARE REFERABLE TO ARBITRATION

The FAA "reflects a strong federal policy in favor of enforcement of agreements to arbitrate." *Global Travel Marketing, Inc. v. Shea*, 908 So.2d 392, 396 (Fla. 2005). "As such, the courts must rigorously enforce agreements to arbitrate." *Harrell's, LLC v. Agrium Advanced (U.S.) Technologies, Inc.*, 795 F.Supp.2d 1321, 1325-1326 (M.D. Fla. 2011). Accordingly, there is a "presumption in favor of arbitration." *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003). Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 (11th Cir. 2011) citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). "A court called upon to determine whether arbitration is appropriate under Florida or federal law must determine: (1) whether a valid

written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Home Quality Management, Inc. v. ACE American Ins. Co.*, 381 F.Supp.2d 1363, 1365 (S.D. Fla. 2005).

### A. A Valid Written Agreement To Arbitrate Exists

As noted above, the Policies contain a written agreement requiring "the Insured and the Insurer" to "submit any dispute, controversy or Claim arising out of or relating to this Policy or the breach, termination or invalidity thereof to final and binding arbitration..." *See* Exhs. C & D, Section XX, [Arbitration]. According to the Policies, "except as provided in Section XX [Arbitration], no action shall lie against the Insurer." *See* Exhs. C & D, Section XVI, [Action Against The Insurer]. JHS cannot dispute the existence of the written arbitration agreement, since it is contained in the very Policies under which JHS is making its claim.

"Under the FAA, a written arbitration provision in a 'contract evidencing a transaction involving commerce' is presumptively valid and enforceable." *24 Go Wireless, Inc. v. AT&T Mobility II, LLC*, No. 11-20930-CIV, 2011 WL 2607099 at *1 (S.D. Fla. June 30, 2011) citing 9 U.S.C. § 2. "Federal courts confronted with motions to compel arbitration are only authorized to address issues relating to the making and performance of the agreement to arbitrate itself, not general challenges to the contract containing an arbitration clause as a whole." *Home Quality Management*, 381 F.Supp.2d at 1366. Thus, where a "plaintiff challenges the content of the [arbitration agreement], not its existence," such an

argument is for "the arbitration panel, not for this Court." *Id.* at 1366-1367[1]. Although JHS may urge an alternate interpretation of the arbitration clause, there is no basis to refute the fact that the Policies contain a valid written agreement between the parties to arbitrate.

### B. The Parties Agreed to Arbitrate the Issues in the Complaint

Motions to compel arbitration "should not be denied unless it can be said with positive assurances that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue." *Home Quality Management*, 381 F.Supp.2d at 1367. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration..." *Harrell's, LLC v. Agrium Advanced (U.S.) Technologies, Inc.*, 795 F.Supp.2d 1321, 1326 (M.D. Fla. 2011). Thus, as long as the allegations of the complaint "touch matters" covered by the arbitration agreement, the claims must be arbitrated. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624-625 n.13 (1985).

In the present action, JHS alleges that it is entitled to coverage under the Westchester Policies for the underlying FINRA Award, and requests the Court to "declare invalid the exclusions and defenses to coverage which were cited by Westchester" and find that "Westchester has no defense to coverage under the Policy." *See* Complaint ¶ 20-23. Additionally, JHS brings a claim for breach of contract, contending that "Westchester's refusal to compensate JHS for [the FINRA Award] constitutes a breach of contract." *See*

---

[1] In *Home Quality Management*, the U.S. District Court for the Southern District of Florida, noted: "Plaintiff does not claim that it failed to assent to [the policy's] terms; instead, it argues that the arbitration clause cannot be enforced because other provisions in the [policy] render the entire contract unenforceable as a whole under Florida law." *Id.* at 1366. That court held: "Because Plaintiff's challenge has nothing to do with whether it assented to the contract or the substantive validity of the arbitration provision contained therein, the making of the arbitration agreement is not at issue." *Id.* Thus, plaintiff's argument had to be decided by the arbitration panel, not the federal court.

Complaint ¶ 24-27. However, JHS and Westchester explicitly agreed that "The Insured and the Insurer shall submit any dispute, controversy, or Claim, arising out of or relating to this Policy or the breach...thereof to final and binding arbitration pursuant to such rules and procedures as the parties may agree." *See* Exhs. C & D, Section XX. [Arbitration]. Thus, the mandatory arbitration provision clearly encompasses the coverage issues raised in JHS's complaint; that is, a dispute or controversy between the insured and the insurer relating to the Policies, and Westchester's alleged breach thereof. *See Castro v. Newport Bay Corp.*, No. 08-cv-134, 2008 WL 4415424 at *4 (M.D. Fla. Sept. 25, 2008) ("The paragraph concerning arbitration...provides that all disputes relating to a breach of the contract...'shall be submitted to binding arbitration'. The Complaint alleges that the Defendant...breached the terms of the contract. Therefore, the provisions of the Complaint fall within the terms of the arbitration clause in the Agreement."). JHS' claims fall squarely within the terms of the arbitration agreement between the parties.

Accordingly, the present dispute regarding Westchester's alleged breach of the Policies presents an arbitrable issue, and Westchester respectfully requests that the court enter an order compelling arbitration in New York, New York, per the arbitration agreement in the Policies. *See* Exhs. C & D, Section XX. [Arbitration] ("The arbitration shall take place in New York, New York and New York law shall apply without application of conflicts of law principals."). "Where the party seeking to avoid arbitration brings a suit for injunctive relief in a district other than the one in which arbitration is to take place under the contract, the party seeking arbitration may assert its [right under the FAA] to have the arbitration

agreement performed in accordance with the terms of the agreement." *Dupay-Busching General Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1278 (5th Cir. 1975).

### C. Westchester Has Not Waived Its Right To Seek Arbitration

Waiver of the right to arbitrate results from the active participation in a lawsuit which is inconsistent with the right to arbitrate. *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). In *S& H Contractors*, the Eleventh Circuit found that after litigating for eight months subsequent to filing of the complaint, the plaintiff had waived its right to arbitration. *Id.* "Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party. Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz v. West of Englad Ship Owners Mut. Protection and Indem. Ass'n*, 62 F3d 1356, 1366 (11th Cir. 1995); also see *Skordilis v. Celebrity Cruises, Inc.*, No. 08-22934-CIV, 2009 WL 129383 at *3 (S.D. Fla. 2009) ("Here, the parties litigated this case in state court for fifteen months...only on the eve of trial did defendant...subsequently move to compel arbitration...Defendant has waived its right to arbitration.").

In the present matter, JHS served its complaint on Westchester on August 6th, 2012, and the instant motion is Westchester's initial responsive pleading. No discovery has been conducted, nor has Westchester taken any action inconsistent with the relief sought by the present motion. Westchester has not waived its right to seek arbitration.

### III.  BECAUSE ALL CLAIMS IN THE COMPLAINT ARE ARBITRABLE, THE INSTANT ACTION SHOULD BE DISMISSED WITHOUT PREJUDICE

When presented with a motion to compel arbitration, a court may dismiss the action when all of the issues raised by the plaintiff must be submitted to arbitration. *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635 at *9 (S.D. Fla. Mar. 26, 2003) citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)[2]. "A court may dismiss the action where it is clear that, because all issues are arbitrable, there are no live issues before the court." *Williams v Eddie Acardi Motor Co.*, No. 3:07-cv-782, 2008 WL 686222 at *9 (M.D. Fla. Mar. 10, 2008).

As noted above, a valid written arbitration agreement exists under which the parties have agreed to submit any disputes or controversies arising out of or relating to the Policies, or the breach thereof, to final and binding arbitration.  *See* Exhs. C & D, Section XX. [Arbitration].  A dismissal of this action without prejudice is appropriate because all of the allegations in JHS' complaint raise issues regarding the disputed interpretation, and alleged breach, of the Westchester Policies.  Thus, the entirety of JHS' complaint presents arbitrable issues.  Accordingly, upon a motion to compel arbitration in this matter, no live issues will remain before this Court.  Therefore, Westchester respectfully requests that the Court compel arbitration and dismiss the complaint without prejudice.

---

[2] "The United States Court of Appeals for the Eleventh Circuit has not directly addressed this issue, but has frequently affirmed where the district court compelled arbitration and dismissed the underlying case.  Therefore, it appears that the Eleventh Circuit would permit the dismissal of an action in which all of the claims are subject to arbitration." *Gilchrist v. Citifinancial Services, Inc. 334, LLC*, No. 06-cv-1727, 2007 WL 177821 at *4 (M.D. Fla. Jan. 19, 2007) (adopting magistrate's recommendations, compelling arbitration, and dismissing the complaint).

### IV. ALTERNATIVELY, BECAUSE JHS FAILED TO COMPLY WITH THE ARBITRATION AGREEMENT, THIS ACTION MUST BE STAYED

Pursuant to Section 3 of the FAA, if a lawsuit is brought "upon any issue referable to arbitration under an agreement in writing" a district court shall stay the pending suit "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement." *See* 9 U.S.C. § 3. The 11th Circuit has noted that, if requested, "the stay is mandatory." *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004); also see *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("[A] court must stay its proceedings if it is satisfied that an issue before it is arbitrable...").

As noted above, JHS' allegations regarding breach of the Policies' terms fall squarely within the arbitration agreement between the parties. If the Court, in its discretion, decides that a dismissal of the complaint is not appropriate, Westchester respectfully requests that a mandatory stay under 9 U.S.C. § 3 be entered, and that the parties be compelled to arbitrate this dispute in accordance with their agreement.

### CONCLUSION

For the foregoing reasons, Westchester respectfully requests that the Court enter an order compelling arbitration in New York, New York, in accordance with the Policies, and dismissing the instant action without prejudice. Alternatively, if the court does not dismiss this case, Westchester respectfully requests that a mandatory stay per 9 U.S.C. § 3 be entered in this action pending arbitration.

### LOCAL RULE 3.01(g) CERTIFICATION

We hereby certify, as counsel for the movant, that we attempted to confer with counsel for the opposing party, in writing, on September 12, 2012 and September 24, 2012,

in a good faith effort to resolve the issues raised by this motion, but did not receive a response. Pursuant to Local Rule 3.01(g) undersigned counsel hereby certifies it will supplement this motion promptly with a statement certifying whether or to what extent the parties were able to resolve the issues raised herein.

Dated:  September 26, 2012

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on September 26, 2012 a true and accurate copy of the foregoing has been furnished by the CM/ECF filing system to:

**ANDY DOGALI, ESQ.**
Forizs & Dogali, P.A.
4301 Anchor Plaza Parkway, Suit 300
Tampa, FL 33634
adogali@forizs-dogali.com
*Counsel for JHS Capital Advisors, LLC*

    Respectfully Submitted,

    SEDGWICK LLP
    2400 E. Commercial Boulevard
    Suite 1100
    Ft. Lauderdale, FL 33308
    Phone: (954) 958-2500
    Fax: (954) 958-2513

    By:*/s/ Valerie Shea*____
      Valerie Shea, Esq.
      Florida Bar No. 0436800
      Valerie.shea@sedgwicklaw.com
      Charles S. Davant, Esq.
      Florida Bar No. 15178
      Charles.davant@sedgwicklaw.com