UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JHS CAPITAL ADVISORS, LLC,

    Plaintiff,

v.                              CASE NO.: 8:12-cv-2006-T-23AEP

WESTCHESTER SURPLUS LINES
INS. CO.,

    Defendant.
_____/

**ORDER**

JHS Captial Advisors, LLC ("JHS"), a securities brokerage, claims that Westchester Surplus Lines Insurance Co. ("Westchester"), a securities brokerage professional liability insurance carrier, improperly denied coverage after a $1.6 million adverse award in the arbitration of a complaint by a former client. Citing a "service of suit" provision in the policies, JHS moves (Doc. 6) to remand this action, in which JHS sues Westchester for declaratory judgment and breach of contract (Doc. 2). Citing identical binding arbitration clauses and "no-suit" provisions in the two policies, Westchester moves (Doc. 8) to compel arbitration.

Section XVI of the agreements, entitled "ACTION AGAINST THE INSURER," states, "Except as provided in Section XX, no action shall lie against the Insurer." Section XX, entitled "ARBITRATION," states:

> The Insured and the Insurer shall submit any dispute, controversy or Claim arising out of or relating to this Policy or the breach, termination or invalidity thereof to final and binding arbitration pursuant to such rules and procedures as the parties may agree. If the parties cannot so agree, the arbitration shall be administered by the American Arbitration Association in accordance with its then prevailing commercial arbitration rules. The arbitration panel shall consist of one abitrator selected by the Insureds, one arbitrator selected by the Insurer, and a third independent arbitrator selected by the first two arbitrators. In any such arbitration, each party will bear its own legal fees and expenses. The arbitration shall take place in New York, New York and New York law shall apply without application of conflict of laws principals [sic.].

Section III, entitled "DEFINITIONS," defines a "Claim" as "a written demand for monetary damages," "a civil proceeding commenced by the service of a complaint or similar pleading," or "an arbitration proceeding." A policy endorsement, entitled "SERVICE OF SUIT ENDORSEMENT," states:

> Information about service of "suits" upon us is given below. Service of process of "suits" against us may be made upon the following person, or another person we may designate:
>
> Saverio Rocca, Assistant General Counsel
> ACE USA Companies
> P.O. Box 1000
> 436 Walnut Street, WAO4K
> Philadelphia, PA 19106
>
> The person named above is authorized and directed to accept service of process on our behalf in any action, "suit" or proceeding instituted against us. If you request, we will give you a written promise that a general appearance will be entered on our behalf if a "suit" is brought.

> If you request, we will submit to the jurisdiction of any court of competent jurisdiction.  We will accept the final decision of that court or any Appellate Court in the event of an appeal.
>
> ***
>
> NOTHING HEREIN CONTAINED SHALL BE HELD TO VARY, ALTER, WAIVE OR EXTEND ANY OF THE TERMS, CONDITIONS, OR LIMITATIONS OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED OTHER THAN AS ABOVE STATED.

JHS argues that the service of suit endorsement requires remand because JHS chose to sue in state court, a forum to which Westchester agreed in the endorsement.

But, notwithstanding the service of suit endorsement, the policies establish arbitration as the parties' exclusive and comprehensive mechanism for resolution of a dispute about the policies.  Specifically,  Sections XVI and XX of the policies prescribe arbitration to resolve "any dispute, controversy or Claim arising out of or relating to [the policies] or the breach, termination or invalidity thereof."  The service of suit endorsement neither contradicts nor supersedes the arbitration provision.

Entirely subordinate to the policy, the endorsement explicitly disallows any construction or application that would "vary, alter, waive or extend any of the terms, conditions, or limitations" of the policies.  Understood in context and in harmony with the arbitration clause, the notice of suit endorsement provides a mechanism for effecting service of process in an arbitration and in an action to compel arbitration or to enforce or vacate an arbitration award.  *McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991).  A service of suit clause does "not limit

the abitrability of claims, but . . . 'obviate[s] potential problems with obtaining jurisdiction over the parties.'" *Security Life Ins. Co. v. Hannover Life Reassurance Co.*, 167 F. Supp. 2d 1086, 1088-89 (D. Minn. 2001) (quoting *Old Dominion Ins. v. Dependable Reinsurance Co.*, 472 So. 2d 1365, 1368 (Fla. 1st DCA 1985)).

Finally, in accord with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, the resolution of any dissonance between the terms of the policies should favor arbitration. "[T]here is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Tech, Inc. v. Communications Workers*, 475 U.S. 643, 650 (1986); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

JHS argues that the McCarran-Ferguson Act ("MFA"), 15 U.S.C. § 1012, preempts the application of the FAA. Section 1012(b) of the MFA states that "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." JHS asserts that Florida's bad-faith insurance statute, Section 624.155, Florida Statutes, applies and, perforce the MFA, "preempts" the FAA. However, no claim for bad faith under Section 624.155 appears in JHS's complaint (and the claim, if any, has not accrued).

MFA's bar does not apply because Section 624.155 does not "regulate" insurance. "Section 624.155 does not seek to regulate the insurance industry by controlling specific practices or procedures of the business. Accordingly . . . [Section] 624.155 fails to satisfy all of the [preemtion] criteria of the McCarran-Ferguson Act." *Anschultz v. Connecticut General Life Ins.*, 850 F.2d 1467, 1468-69 (11th Cir. 1988); *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195, 199 (11th Cir. 1992); *Bridges v. Provident Life and Accident Ins. Co.*, 121 F. Supp. 2d 1369, 1373 (M.D. Fla. 2000) (Hodges, J.); *AXA Equitable Life Ins. Co. v. Infinity Fin. Group*, 608 F. Supp. 2d 1330, 1340 (S.D. Fla. 2009).

JHS's motion to remand (Doc. 6) is **DENIED**. Westchester's motion to compel arbitration (Doc. 8) is **GRANTED**, and this action is **STAYED** pending arbitration in accord with the arbitration clause in each policy.

The clerk is directed to **ADMINISTRATIVELY CLOSE** the case and terminate any pending motion.

ORDERED in Tampa, Florida, on February 19, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE